IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DARRELL LYNN HOLLEMAN,  §<br>§<br>Petitioner, § <br>§<br>v. §<br>§<br>LORIE DAVIS, Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division, §<br>§<br>Respondent. § | 2:19-CV-144-Z |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner DARRELL LYNN HOLLEMAN. For the following reasons, petitioner's habeas application should be DISMISSED.

I.
BACKGROUND

On September 4, 2012, petitioner was charged by Indictment in the 84th Judicial District Court of Hutchinson County, Texas with the 3rd degree felony offense of unlawful possession of a firearm by a felon in violation of section 46.04 of the Texas Penal Code. *State v. Holleman*, No. 10,889. [ECF 11-12 at 6]. On May 16, 2013, a jury found petitioner guilty of the offense as charged in the Indictment. [ECF 11-12 at 38]. On May 17, 2013, the jury found petitioner had previously been convicted of a felony for purposes of enhancing the punishment range and assessed petitioner's punishment at 15-years imprisonment and a $5,000 fine. [ECF 11-12 at 44]. On that same date, the trial court entered judgment accordingly. [ECF 11-12 at 59-61].

Petitioner timely filed a direct appeal with the Court of Appeals for the Seventh District of

Texas who, on December 3, 2014, affirmed petitioner's conviction and sentence. *Holleman v. State*, No. 07-13-00173-CR [ECF 11-3]. Petitioner sought review of the intermediate state appellate court's opinion by filing a *pro se* petition for discretionary review with the Texas Court of Criminal Appeals. *In re Holleman*, No. 073-15 [ECF 11-10]. On April 22, 2015, that court refused petitioner's petition for discretionary review *per curiam*. [ECF 11-11]. Petitioner did not seek review of the ruling of the state's high court by filing a petition for certiorari with the United States Supreme Court.

On December 18, 2018, petitioner purportedly placed a petition for a state writ of habeas corpus collaterally challenging his conviction and sentence in the prison mail system, said petition being received and filed of record on January 2, 2019. *In re Holleman*, No. 89,486-01 [ECF 11-21 at 11-35]. By his state habeas application, petitioner asserted grounds of ineffective assistance of counsel, and denial of a fair trial as a result of the admission of perjured testimony and trial court error in instructing the jury. [*Id*.].

Although given notice of the filing of petitioner's state writ application [ECF 11-21 at 114-15], the State opted not to file a response to petitioner's application. Similarly, the state trial court chose not to enter findings of fact or conclusions of law prior to the Clerk of Court transmitting the application to the Texas Court of Criminal Appeals for determination on January 29, 2019. On February 19, 2018, petitioner filed with the Texas Court of Criminal Appeals a pleading entitled "Applicant's Objection to the State's Failure to Enter a Findings of Facts and Conclusion of Law Addressing Each and Every Allegation Alleged in the Writ Prior to Forwarding It." [ECF 11-19]. Petitioner's pleading was docketed with the court as a "miscellaneous document." Petitioner also filed his "objection" with the state trial court. [ECF 11-20 at 3-5]. On February 27, 2019, without addressing petitioner's "objection" or remanding the case to the trial court for findings of fact or conclusions of law, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. [ECF 11-18]. The state high court's ruling constituted an adjudication on the merits of petitioner's state habeas application. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943

S.W.2d 469, 472 (Tex.Crim.App. 1997) (holding a "denial" signifies the court addressed and rejected the merits of the asserted claims, while a "dismissal" means the court declined to consider the claims for reasons unrelated to merits of the claims).

On April 22, 2019, petitioner filed a petition for writ of mandamus with the Texas Court of Criminal Appeals arguing the disposition of his petition for a state writ of habeas corpus was "unreasonable and contrary to art. 11.07" because the trial court failed to (1) hold an evidentiary hearing on the grounds raised in his application, (2) obtain an affidavit from trial counsel regarding his ineffective assistance of counsel claims, and (3) adjudicate his state habeas application on the merits by entering findings of fact and conclusions of law. [ECF 11-23]. Petitioner also appeared to argue the disposition of his state writ application was unreasonable because the Texas Court of Criminal Appeals failed to remand the case to the trial court for findings and conclusions, denied petitioner a state writ without said findings or conclusions, or failed to enter a reasoned written order denying his petition in the absence of said findings or conclusions. On June 5, 2019, construing petitioner's pleading as a motion for leave to file a petition for a writ of mandamus, the Texas Court of Criminal Appeals denied petitioner's motion without written order. [ECF 11-22].

On July 10, 2019, petitioner purportedly placed the instant petition for federal habeas corpus relief in the prison mail system, such petition being received by this Court and filed of record on July 16, 2019. [ECF 3]. Petitioner was incarcerated in the Daniel Unit in Snyder, Texas at the time he filed the instant petition.

On September 26, 2019, respondent filed a preliminary response to petitioner's application arguing said application should be dismissed with prejudice because (1) it fails to raise a cognizable claim and, (2) it is time barred. [ECF 9]. Petitioner did not file a reply to respondent's preliminary response.

## II.
## PETITIONER'S ALLEGATION

By his application for federal habeas corpus relief, petitioner alleges:

The Texas Court of Criminal Appeals' denial of his motion for leave to file a petition for a writ of mandamus was unreasonable under 28 U.S.C. § 2254(d)(1) and (d)(2) because the state high court failed to remand his motion to the trial court "to be adjudicated on the merits."

As relief, petitioner requests this Court order the state trial court to adjudicate petitioner's application for a state writ of habeas corpus on the merits by entering findings of fact and conclusions of law addressing the allegations raised in his state writ application "because petitioner has no other avenue for relief other than [an] 11.07 writ of habeas corpus."

Petitioner does not appear to specifically argue to this Court that his current confinement pursuant to his 2013 state court conviction is unconstitutional; rather, petitioner appears instead to argue that the state's high court, the Texas Court of Criminal Appeals, unreasonably erred in denying petitioner leave to file a petition for writ of mandamus and in denying his state habeas application without the state trial court first adjudicating his claims on the merits by entering factual findings and legal conclusions.

## III.
## UNAVAILABLE RELIEF AND
## NON-COGNIZABLE CLAIM

A federal writ of habeas corpus is the proper remedy "when a state prisoner is [constitutionally] challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). In the instant federal habeas application, petitioner does not seek a determination from this Court that he is entitled to immediate release or a speedier release from his confinement as a result of his state conviction. In fact, the instant federal writ application does not specifically even challenge petitioner's current imprisonment. Instead, petitioner

simply seeks a determination that the Texas Court of Criminal Appeals acted wrongfully in 2019 when it denied his state habeas application without findings of fact and conclusions of law from the trial court, and requests this Court order the state trial court to adjudicate his state application on the merits by entering fact findings and legal conclusions. Such relief is not available in a federal habeas corpus proceeding.

Moreover, alleged infirmities in state habeas corpus proceedings are not a cognizable basis for federal habeas corpus relief. *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) ("habeas corpus relief is not available to correct alleged errors in state habeas proceedings"); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) (an attack on a state habeas proceeding does not warrant habeas relief in respect to a petitioner's conviction as it is "an attack on a proceeding collateral to the detention and not the detention itself."); *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984). Petitioner fails to assert in the instant application any allegations of constitutional violation that are cognizable in habeas corpus. Petitioner's federal habeas application should be dismissed.

IV.
LIMITATIONS

Even if this Court were to look past the specific claims petitioner raises in the instant federal habeas petition and construe his application as, instead, asserting the same substantive claims he raised in his underlying state habeas application, this petition would still be subject to dismissal as his claims would be time barred.

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, under subsection 2244(d)(1)(A), petitioner's conviction became final on July 21, 2015 when his time for filing a petition for certiorari expired. *See* Sup. Ct. R. 13.1. Consequently, the last day to file a federal petition for habeas relief *raising cognizable grounds* was July 21, 2016. Petitioner's state habeas application did not statutorily toll the limitation period as it was filed in 2018, after the limitation period had already expired. *See Medley v. Thaler*, 660 F.3d 833, 834-35 (5th Cir. 2011). The instant federal habeas petition, filed July 10, 2019,[1] was filed after the July 21, 2016 expiration of the limitation period. Consequently, petitioner's application, even if it can be construed as asserting an appropriate challenge to his conviction and/or sentence, is time barred and must be dismissed.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner DARRELL LYNN HOLLEMAN be DISMISSED.

---

[1] *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (habeas petition is "filed," for purposes of determining applicability of AEDPA, when prisoner tenders petition to prison officials for mailing).

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of the *Findings, Conclusions and Recommendation* to petitioner and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED October 29, 2019.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).